6596

## STATE v. MACK.

1. NEW TRIAL.—Motion to suspend appeal that motion for new trial may be made below on the grounds: (1) important eye witnesses to the occurrence had not been discovered until after the trial; (2) appellant's counsel was in such ill health that case was not properly presented, refused.

2. MURDER—ACCIDENTAL KILLING.—CHARGE here complained of cannot be construed to instruct jury burden of proving accidental killing was on defendant, as it only emphasized this defense as the one on which defendant specially relied.

Before PURDY, J., Beaufort, September, 1906.   Affirmed.

Indictment against Robert Mack for murder.   From sentence on Circuit, defendant appeals.

*Mr. W. S. Tillinghast,* for appellant, cites: *Charge made impression on jury that plea of accidental killing must be established by defendant, which is error:* 68 S. C., 304; 14 Rich., 230.

*Solicitor W. St. Julian Jervey,* contra, cites: *Whole charge must be construed together:* 29 S. C., 4; 35 S. C., 16; 66 S. C., 469.   *If more specific charge as to accidental killing were desired it should have been requested:* 33 S. C., 100; 54 S. C., 192; 58 S. C., 47.

July 16, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant, Robert Mack, was convicted at the September, 1906, term of the Court of General Sessions for Beaufort County of the murder of Maria Philer, and recommended to mercy. After the cause had reached this Court on appeal, counsel for defendant moved for a suspension of the appeal with leave to move for a new trial in the Circuit Court, on the grounds: (1) That important evidence tending to show the killing was accidental had been discovered since the trial; and (2) that W. J. Whipper, the counsel for defendant in the Circuit Court, was in such ill health and feeble physical condition at the trial, and for several weeks before, that the case was not properly presented to the jury. The reasons for refusing the motion are obvious and may be very briefly stated.

The record discloses that the killing took place April 16, 1906, on a boat loaded with negro excursionists going from Beaufort to Savannah. The defendant and his counsel had from that time until the trial in September following to ascertain who were the eye-witnesses and secure their attendance at the trial. There is nothing in the motion papers to indicate the slightest effort to find out the witnesses or have them present. On the contrary, the defendant's counsel declined to introduce any evidence, relying on that produced by the prosecution which tended to show accidental killing. Jealous as the Courts should always be that the rights of the ignorant and lowly should not be lost through ignorance and incapacity, the alleged sickness of the defendant's counsel is not a sufficient reason for suspending this appeal to allow a motion for a new trial to be made. The counsel is recognized as a man of capacity and experience, and he went to trial without asking for a continuance or postponement, or the assignment of other counsel, or even mentioning his indisposition to the Circuit Court. Had the feebleness of counsel been such that he was incapable of recognizing, or of asking relief for his

client on account of it, we cannot doubt the learned and experienced Circuit Judge would have observed his condition and have taken the proper steps to safeguard the rights of the defendant by appointing other counsel or postponing the trial.

It remains to dispose of the appeal itself. The single exception is best answered by the words of the charge itself, and for that reason it is quoted at length: "That his Honor, the presiding Judge, erred in charging the jury, in reference to accidental homicide, as follows: 'And generally, gentlemen, in addition to what I have said to you, if a person in the exercise of a lawful pursuit, in doing a lawful act, accidentally takes the life of another, then there is no blame to attach to that act, * * *. You heard the contention of the counsel for the defense, and his defense growing out of the testimony as he states it was that it was an accidental killing. That is his special defense, in addition to the plea of not guilty, and it is for you to say, gentlemen, what view you take of the testimony. A plea of accidental homicide does not have to be made out by the greater weight of the evidence. It is for the jury to determine whether that is the case or not. It is for you to determine whether this defendant with malice aforethought killed this woman, whether he fired the shot that took her life; if so, whether it was done unlawfully with malice aforethought, express or implied, unlawfully without malice or in sudden heat and passion upon sufficient legal provocation, without premeditation or malice. * * * If you have a reasonable doubt whether he is guilty of murder or manslaughter you could not convict him of murder. If you have a reasonable doubt as to whether he is guilty of manslaughter you could not convict him of that. If you have no reasonable doubt as to whether he is guilty of manslaughter, find him guilty of that.' The error being that his Honor charged the jury that the claim of accidental killing is a special defense with the burden on defendant, and failed to charge that the burden was on the State to prove

beyond a reasonable doubt that the killing was not accidental, or to prove beyond a reasonable doubt the criminal intent of the defendant, and in charging the jury, after stating that the accused was not required to prove his plea of accidental killing by the greater weight of the evidence, that it was for the jury to determine from the evidence whether the killing was accidental or not, and in failing and omitting to define to the jury the law applicable to accidental killing, and the nature of the evidence required by law to convict a defendant who claims the killing was accidental, and substantially confining the jury to the consideration of the law of murder and manslaughter."

In speaking of accidental homicide as defendant's special defense set up in addition to his general plea of not guilty, the Circuit Judge only emphasized this defense as one on which counsel specially relied, to be particularly considered by jury. His language cannot be tortured into placing on the defendant the burden of proof, for immediately after referring to accidental killing as a special defense contended for by the defendant's counsel, this instruction is given: "A plea of accidental homicide does not have to be made out by the greater weight of the evidence."

The law as to reasonable doubt was well charged in the language quoted in the exception, but in addition to that it was restated in the concluding sentence of the charge.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.